# No. 23-2267

### In the
# United States Court of Appeals
### For the Fourth Circuit

———————

LEONARD CARROLL, STEPHANIE CARROLL, as individuals,
　　　　　　　　　　　　　*Plaintiffs-Appellants,*

v.

KENDRA ROSS, as an individual,
　　　　　　　　　　　　　*Defendant-Appellee.*

———————

On Appeal from the United States District Court
for the Northern District of West Virginia at Clarksburg
Case No. 1:23-cv-00057-TSK-MJA
Honorable Thomas S. Kleeh, Chief District Court Judge
Honorable Michael John Aloi, Magistrate Judge

———————

**MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION**

———————

　　　　　　　　　　　　　Brooks H. Spears
　　　　　　　　　　　　　MCGUIREWOODS LLP
　　　　　　　　　　　　　1750 Tysons Boulevard
　　　　　　　　　　　　　Suite 1800
　　　　　　　　　　　　　Tysons, VA 22102
　　　　　　　　　　　　　T: (703) 712-5073
　　　　　　　　　　　　　bspears@mcguirewoods.com


*Counsel for Defendant-Appellee Kendra Ross*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

DISCLOSURE STATEMENT

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __23-2267__     Caption: __Leonard Carroll, et al. v. Kendra Ross__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Kendra Ross__
(name of party/amicus)

who is __appellee__, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

4. Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5. Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6. Does this case arise out of a bankruptcy proceeding? ☐ YES ☑ NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

7. Is this a criminal case in which there was an organizational victim? ☐ YES ☑ NO
If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Brooks H. Spears      Date: 12/18/2023

Counsel for: Appellee Kendra Ross

ii

# MOTION

Pursuant to Fed. R. App. P. 27, Defendant-Appellee Kendra Ross moves to dismiss this appeal for lack of jurisdiction under 28 U.S.C. § 1291 because the district court never issued a final decision. On October 30, 2023, the magistrate judge entered a report and recommendation, but the district judge never ruled on it. "[A] magistrate judge's report and recommendation is neither a final order nor an appealable interlocutory or collateral order." *Turner v. Perry*, 651 F. App'x 178, 179 (4th Cir. 2016). Therefore, this appeal should be dismissed because there is no final decision yet from the district court.

Dated: December 18, 2023

*/s/ Brooks H. Spears*
Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
T: (703) 712-5073
F: (703) 712-5190
bspears@mcguirewoods.com

*Counsel for Defendant-Appellee Kendra Ross*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 100 words, excluding the part of the motion exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word, in 14 point size Times New Roman font.

*/s/ Brooks H. Spears*
Brooks H. Spears

*Counsel for Defendant-Appellee Kendra Ross*

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 18, 2023, the foregoing was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit using the appellate CM/ECF system. I also certify that on the same day, I sent a copy of the foregoing through U.S. Mail, postage prepaid, to the following:

| | |
|---|---|
| Leonard Carroll<br>1213 Cash Valley Road<br>Eglon, WV 26716<br><br>*Pro Se Plaintiff-Appellant* | Stephanie Carroll<br>1213 Cash Valley Road<br>Eglon, WV 26716<br><br>*Pro Se Plaintiff-Appellant* |

                                              */s/ Brooks H. Spears*
                                              Brooks H. Spears

                                              *Counsel for Defendant-Appellee*
                                              *Kendra Ross*